IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-ED4
2004 DEC 23 PM 4:11
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| RAMTIN S. SABET, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTHWESTERN UNIVERSITY, | ) |
| Defendant, | ) |

JUDGE GETTLEMAN

04C 8285

MAGISTRATE JUDGE MASON

DOCKETED
DEC 27 2004

## COMPLAINT AND JURY DEMAND

NOW COMES plaintiff, Ramtin S. Sabet, by and through his attorney, Robert J. Kartholl, of the Law Offices of Robert J. Kartholl, and for his Complaint against defendant, Northwestern University, an Illinois Corporation states as follows:

### PARTIES

1. Plaintiff, Ramtin S. Sabet (hereinafter "**Mr. Sabet**"), is a citizen of the United States of America and a resident of Arlington Heights, Cook County, Illinois, from all dates relevant to this Complaint through the date of the filing of this Complaint.

2. **Mr. Sabet** was born in Iran and his national origin is Iranian.

3. **Mr. Sabet** was employed as an employee of **Northwestern** University, an Illinois Corporation, defendant (hereinafter "**Northwestern**"), located in Cook County, Illinois from December 16, 2002, until the date of his termination on December 15, 2003.

4. **Northwestern** is a private university, chartered by the Illinois General Assembly as a corporation in 1851, and continually operating as an institution of higher education in Evanston, Illinois since on or about 1851.

1-1

5. **Northwestern** is located in and has conducted business in Cook County, Illinois, and has continuously employed at least fifteen (15) employees.

6. At all relevant times, **Northwestern** has been an Employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. Sect. 2000 e-(b), (g).

## JURISDICTION/VENUE

7. This action is brought pursuant to the following statutes:

a. Title VII of the Civil Rights Act of 1964 which makes it unlawful for an employer "to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's national origin."(42 U.S.C. Sect. 2000 e-2(a)(1)); and

b. Title VII of the Civil Rights Act of 1964 which prohibits an employer from taking adverse employment action or discriminating against an employee because he opposed any practice made an unlawful employment practice by this Subchapter (42 U.S.C. Sect. 2000 e-3(a)).

8. This Court has jurisdiction in this cause under the aforesaid federal statute. This Court also has jurisdiction over all Counts of this Complaint which are predicated on Illinois law.

9. Venue is appropriate in this District as all parties reside within the District and all events alleged occurred within this District.

## FACTS IN COMMON TO ALL COUNTS

10. **Mr. Sabet** was hired by **Northwestern** on or about December 16, 2002, as a police/security force trainee at the Evanston, Illinois Campus of **Northwestern**.

11. At the time **Mr. Sabet** was hired in December, 2002, the individuals who interviewed, selected, and hired **Mr. Sabet** were Lt. Glenn Turner and Chief Saul Chafin.

12. **Mr. Sabet** attended the Chicago Police Academy on or about January 1, 2003, and successfully completed the police academy training program which is a requirement for employment as a police officer in the police/security force of **Northwestern**.

13. On or about May 6, 2003, **Mr. Sabet** commenced the field training program of the police/security force of **Northwestern**.

14. On or about August 22, 2003, **Mr. Sabet** successfully completed the field training program requirement of **Northwestern**.

15. At all times relevant, **Mr. Sabet** met the legitimate performance expectations of his employer.

16. Mr. Daniel McAleer (hereinafter "McAleer") was a supervisor of **Mr. Sabet** who was employed by **Northwestern** in the capacity of Deputy Chief at all times material to this complaint.

17. Mr. Bruce Lewis (hereinafter "Lewis") was hired on to the **Northwestern** police/security force on or about July 2003, at the Evanston Campus.

3

18. Lewis was a supervisor of **Mr. Sabet** and was employed as Chief of the police/security force on and after August 2003, and until **Mr. Sabet** was terminated in December 2003.

19. Mr. Shaun Johnson (hereinafter "Johnson") was a supervisor of **Mr. Sabet** who was employed by **Northwestern** in the capacity of Lieutenant at all times material to this Complaint.

20. Mr. Darren Davis (hereinafter "Davis") was a supervisor of **Mr. Sabet** and was employed by **Northwestern** as Commander of the police/security force from and after September 2003, at both the Chicago and Evanston Campuses.

21. **Northwestern** and the supervisors and employees of **Northwestern** were aware of **Mr. Sabet's** national origin at all times relevant to this Complaint.

22. At all times during the course of **Mr. Sabet's** employment at **Northwestern** certain employees and supervisors of the police/security force, including Davis, Johnson, Lewis and McAleer objected to **Mr. Sabet's** employment and harassed and ridiculed **Mr. Sabet** because of his national origin.

23. Among other acts of discrimination and harassment, supervisors and employees of **Northwestern** ridiculed, harassed, and tormented **Mr. Sabet** by calling him a terrorist, stating he was a terrorist spy living in America, making fun of him and other persons from Iran or the Middle East, belittling his performance by calling him a "Guard Dog," calling his native Farsi language a terrorist language, referring to baked goods which displayed Farsi language on the wrapper paper as "terrorist cookies," complaining that his employment violated the Patriot Act because he was born in Iran, reporting him as a suspected terrorist to the U.S. Department of Homeland Security or the

4

I.N.S., unfairly criticizing his performance, assigning him discriminatory work assignments, without cause or provocation accusing him of not liking or being able to deal with American women, joking about people from the Middle East including people from Iran, and many other discriminatory acts.

24. **Mr. Sabet** regularly complained about the harassment and hostile work environment to supervisors and executives of **Northwestern**, including Lewis, McAleer, and Johnson.

25. **Northwestern** failed and refused to investigate or terminate the harassment and hostile work environment **Mr. Sabet** was subjected to.

26. On or about September 29, 2003, **Mr. Sabet** attempted to assist Officer Godby who instructed **Mr. Sabet** to escort an arrestee of the Northwestern Police/ security force. Without knowledge of the instruction issued by Officer Godby, another supervising officer, Lt. Johnson, instructed **Mr. Sabet** to tow the arrestee's vehicle to a designated location.

27. **Mr. Sabet** was suspended on or about October 2, 2003, in part for disobeying these mutually exclusive orders as alleged in the preceding paragraph.

28. On or about September 29, 2003, Lt. Johnson instructed **Mr. Sabet** to call upon employee Cherrie Carr, on the staff of the Kellogg Kafe' located at the Jacobs Center who was on that date on vacation and not at work. Johnson was told that **Mr. Sabet** attempted to contact the employee but was unable to do so because she was on vacation.

29. **Mr. Sabet** was suspended on or about October 2, 2003, in part, for disobeying this instruction as alleged in the preceding paragraph.

5

30. Johnson communicated the suspension to **Mr. Sabet** in a vulgar, obscene and offensive manner and in a manner which was discriminatory and harassing.

31. **Mr. Sabet** reported and complained about the discriminatory treatment he received from supervisors and employees of the police/security force to McAleer on or about October 2, 2003. In that report, **Mr. Sabet** asserted that he was the victim of illegal discrimination based upon his national origin and told McAleer that he intended to report his complaint to the **Northwestern** Human Resources Department in accordance with the policies and procedures of the university.

32. Thereupon, McAleer threatened that if **Mr. Sabet** asserted his rights under the law to be free of discriminatory treatment or reported his allegations of discrimination and harassment he would be fired.

33. On or about October 3, 2003, **Mr. Sabet** complained to Lewis about the discrimination and harassment referred to in Paragraphs 22 through 32 herein.

34. Lewis failed and refused to protect **Mr. Sabet** from further harassment, ordered him to accept the suspension without complaint, ordered him not to report to the Human Resources Department of **Northwestern**, and threatened to retaliate against Sabet if he complained further of discrimination or harassment.

35. In and around mid October 2003, while on duty, **Mr. Sabet** observed a vehicle which was illegally parked on the roadside and which illegally contained passengers in excess of the legal limit who were openly consuming alcohol in the vehicle.

36. **Mr. Sabet** detained the driver of the vehicle and warned him of the violations all in accordance with proper police procedures and the instructions of **Mr. Sabet's** supervisors.

37. Johnson appeared at this scene and accused **Mr. Sabet** of disobeying instruction that he not make traffic stops.

38. In spite of **Mr. Sabet's** explanations of his actions, Johnson and Lewis criticized **Mr. Sabet's** performance and judgment and assigned **Mr. Sabet** to foot patrol, in order to further ridicule, harass, and discriminate against him for the purpose of forcing him to resign his employment.

39. Johnson, Davis and Lewis continued to ridicule, humiliate, and harass **Mr. Sabet** because of his national origin in October and November 2003.

40. On or about December 1, 2003, **Mr. Sabet** was placed on administrative leave without cause or explanation.

41. Immediately thereafter **Mr. Sabet** made a complaint of discrimination with Mr. Guy Miller of Human Resources Department of **Northwestern** and with the Equal Opportunity Officer, Mr. Mike Powell of **Northwestern**.

42. Mr. Miller and Mr. Powell accepted **Mr. Sabet's** complaint and promised to commence an investigation.

43. On or about December 15, 2003, prior to the completion of the investigation of **Mr. Sabet's** complaint of discrimination and harassment, **Mr. Sabet** received a letter from Lewis that he had been terminated.

44. **Northwestern** failed to investigate **Mr. Sabet's** complaint of discrimination and harassment.

45. On December 15, 2003, **Mr. Sabet** was terminated from **Northwestern** and was given no reason for his termination.

46. **Mr. Sabet** was earning about $40,000, and was receiving health, pension, and other benefits at the time of his discharge.

47. **Northwestern** replaced **Mr. Sabet** with a person who is not of Middle Eastern descent.

48. **Mr. Sabet** has sustained additional serious health consequences and serious mental and emotional distress based upon his discriminatory wrongful termination by **Northwestern** and the continued retaliation against him.

49. On February 17, 2004, **Mr. Sabet** filed a Charge of Discrimination with the EEOC, known as Charge #210-2004-02809, alleging that he was terminated because of his national origin. A copy of that Charge is attached as Exhibit A.

50. On October 8, 2004, the EEOC issued **Mr. Sabet** written authorization to institute suit against **Northwestern** with respect to the Charge of Discrimination known as Charge #210-2004-02809. A copy of the Notice of Right to Sue is attached as Exhibit B.

51. After investigation of the Charge of Discrimination, the EEOC concluded that the evidence obtained in the investigation establishes reasonable cause to believe **Mr. Sabet** was discriminated against by **Northwestern** based upon his national origin.

## Count One
### National Origin Discrimination in Employment Against Defendant Northwestern

52. **Mr. Sabet** repeats and re-alleges Paragraphs 1 through 51 of this Complaint as part of this Count One.

53. The actions of **Northwestern** in Paragraphs 1 through 51 of this Complaint constitute discrimination in employment against **Mr. Sabet** based upon his national origin and are prohibited under 42 U.S.C. Sect.2000(e), et. seq. (Title VII).

54. The effect of the aforementioned practices of defendant has been to deprive **Mr. Sabet** of equal employment opportunities and otherwise adversely affect his status as an employee of **Northwestern** because of his national origin.

55. The unlawful employment practices complained of in Paragraphs 1 through 51 were and are intentional.

56. The unlawful employment practices complained of in Paragraphs 1 through 51 were done with malice or with reckless disregard and indifference to the federally protected rights of **Mr. Sabet**.

WHEREFORE, **Mr. Sabet** prays that economic, exemplary, compensatory, and punitive damages in the amounts to be determined by the jury, be awarded to **Mr. Sabet** and against the defendant, **Northwestern**, plus reasonable attorney fees, costs, and any damages otherwise available to **Mr. Sabet** under Title VII.

### Count Two
### Retaliatory Discharge Against Defendant Northwestern

57. **Mr. Sabet** repeats and re-alleges Paragraphs 1 through 56 of this Complaint as part of this Count Two.

58. **Mr. Sabet** engaged in his statutorily protected right to make a good faith complaint of discrimination and harassment with supervisors including Davis, McAleer, Lewis, Mr. Guy Miller, and Mr. Mike Powell on or about October 1, 2003, through December 1, 2003.

59. **Mr. Sabet** engaged in a statutorily protected right by objecting to illegal harassment and hostile work environment when he complained to supervisors of **Northwestern** about the discriminatory actions of supervisors and others.

60. **Mr. Sabet** was ridiculed, harassed, given discriminatory work assignments, called a guard dog, unfairly and discriminatorily criticized concerning his performance, put on administrative leave, suspended and was finally terminated based upon and in retaliation for filing complaints of discrimination and harassment and objecting to illegal discrimination to the aforementioned supervisors and executives of **Northwestern**, including Davis, Lewis, McAleer, Mr. Miller and Mr. Powell.

61. The actions complained of **Northwestern** in Paragraphs 1 through 60 of this Complaint constitute discrimination and retaliation against **Mr. Sabet** and are prohibited by 42 U.S.C. Sect. 2000(e) et.seq. (Title VII).

62. The effect of the aforementioned practices of defendant **Northwestern** has been to deprive **Mr. Sabet** of equal employment opportunities and otherwise adversely affect his status as an employee of **Northwestern** in retaliation for his filing of the complaints of discrimination and for asserting his rights to be free from harassment.

63. The unlawful employment practices complained of in Paragraphs 1 through 60 were and are intentional.

64. The unlawful employment practices complained of in Paragraphs 1 through 60 were done with malice or with reckless disregard and indifference to the federally protected rights of **Mr. Sabet** to be free of retaliation.

WHEREFORE, **Mr. Sabet** prays that economic, exemplary, compensatory, and punitive damages in amounts to be determined by the jury, be awarded to **Mr. Sabet**

against the defendant **Northwestern**, plus reasonable attorney fees and costs and any and all damages otherwise available to **Mr. Sabet** under Title VII.

## Count Three
### Negligent Retention/Supervision Against Defendant Northwestern

65. **Mr. Sabet** repeats and re-alleges Paragraphs 1 through 64 of this Complaint as part of this Count Three.

66. Defendant **Northwestern** was negligent in its retention and supervision of its employees, including Lewis, Johnson, Davis, and McAleer by:

> - failing to provide sufficient training of its employees concerning the maintenance of a discrimination-free workplace.
>
> - failing to maintain a workplace free of discrimination.
>
> - failing to supervise its management and non-management employees to insure that **Mr. Sabet** was not subjected to a hostile work environment.
>
> - failing to provide a safe and suitable workplace.
>
> - failing to investigate **Mr. Sabet's** complaints of workplace harassment.
>
> - failing to protect **Mr. Sabet** from harmful acts and injurious acts of employees and supervisors, including Davis, Lewis, Johnson, and McAleer.

67. **Mr. Sabet** repeatedly complained of insults, harassment, and injury to which he was subjected by employees and managers of **Northwestern**, including Lewis, Davis, Johnson, and McAleer, and **Northwestern** took no action to protect **Mr. Sabet**.

68. **Northwestern** knew or should have known that its employees and managers would injure **Mr. Sabet**.

69. Defendant's negligence complained of herein was the proximate cause of injury to **Mr. Sabet**.

70. As a direct and proximate cause of **Northwestern's** negligent retention and supervision of employees and managers who mistreated and abused **Mr. Sabet**, he suffered respiratory difficulties, dizziness, fear, and emotional and physical trauma, loss of self worth, loss of income, which required medical treatment.

WHEREFORE, **Mr. Sabet** prays that economic, exemplary, compensatory, including pain and suffering damages, in amounts to be determined by the jury, be awarded to **Mr. Sabet** against the defendant, **Northwestern**, and any and all damages otherwise available to **Mr. Sabet** under the law of the State of Illinois.

Respectfully submitted:

RAMTIN S. SABET

By: _____
Robert J. Kartholl
One of his Attorneys


Law Offices of Robert J. Kartholl
105 E. Irving Park Road
Itasca, IL 60143
630/760-4627
Attorney No. 1408011

12

**EXHIBIT A**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 210-2004-02809 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Ramtin S. Sabet | (847) 797-1945 | 11-27-1980 |

Street Address / City, State and ZIP Code
236 Tanglewood Dr., Arlington Heights, IL 60004

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORTHWESTERN UNIVERSITY | 500 or More | (847) 491-3254 |

Street Address / City, State and ZIP Code
1819 Hianman Avenue, Evanston, IL 60201

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-23-2003 Latest: 12-15-2003
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent in December 2002, as a Police Officer. During my tenure with Respondent I was subjected to harassment and a hostile work environment. Derogatory comments were made about me because of my national origin. I was given the worse assignments because Respondent thought that they hired me in violation of the Patriot Act. Respondent called INS officials to investigate me even though I am an American Citizen. I consistently completed my assignments in an exemplary manner and was suspended for following my supervisors directions. In December 2003, I was terminated.

I believe that I have been discriminated against because of my National Origin, Iranian, in violation of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
FEB 17 2004

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 17, 2004
Date / Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EXHIBIT B

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE -- TITLE VII / ADA/ADEA
(Conciliation Failure)

| To: | Ramtin Sabet | From: |
|---|---|---|
| | 236 Tanglewood Dr. | Equal Employment Opportunity Commission |
| | Arlington Heights, IL 60004 | Chicago District Office |
| | | 500 West Madison Street, Suit 2800 |
| | Certified: 7001 0360 0000 7304 5018 | Chicago, IL 60661-2511 |
| ☐ | *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210-2004-02809 | Regina Husar, Enforcement Supervisor | (312) 353-0819 |

( See the additional information attached to this form )

The Commission has found reasonable cause to believe that your charge of employment discrimination is true but has not entered into a conciliation agreement to which you are a party because attempts to achieve such a voluntary settlement with respondent(s) have been unsuccessful.

The Commission has determined that it will not bring a civil action against the respondent(s) and accordingly is issuing this Notice of Right to Sue. With the issuance of this Notice the Commission terminates its process with respect to your charge, except that the Commission may seek status as intervenor if you decide to sue on your own behalf as described below.

If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM YOUR RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

Your suit may include any allegation contained in your charge of employment discrimination or any matter which was or should have been discovered by the Commission during its investigation of your charge.

On Behalf of the Commission

October 8, 2004      *John P. Rowe* eh

John P. Rowe, District Director

Enclosures
   Information sheet
   Copy of Charge

cc: Respondent(s)     Northwestern University

EEOC Form 161-A (Test 10/94)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**DOCKETED**
**DEC 27 2004**

## I. (a) PLAINTIFFS
RAMTIN S. SABET

## DEFENDANTS
NORTHWESTERN UNIVERSITY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**JUDGE GETTLEMAN**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LAW OFFICES OF ROBERT J. KARTHOLL
105 E. IRVING PARK RD
ITASCA, IL 60143   630 760 4627

ATTORNEYS (IF KNOWN)

**04C 8285**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

**MAGISTRATE JUDGE MASON**

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ X | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC SEC 2000 TITLE VII    national origin discrimination/ terminat

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ $1,000,000

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII.
This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE
12.23.04

SIGNATURE OF ATTORNEY OF RECORD
Robert J Kartholl

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED** DEC 27 2004

JUDGE GETTLEMAN

In the Matter of

RAMTIN S. SABET, PLAINTIFF
V.

NORTHWESTERN UNIVERSITY, DEFENDANT

Case Number: 04C 8285

MAGISTRATE JUDGE MASON

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

RAMTIN S. SABET, PLAINTIFF

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE *Robert J Kartholl* | | SIGNATURE | |
| NAME ROBERT J. KARTHOLL | | NAME | |
| FIRM LAW OFFICES OF ROBERT J KARTHOLL | | FIRM | |
| STREET ADDRESS 105 E. IRVING PARK RD | | STREET ADDRESS | |
| CITY/STATE/ZIP ITASCA, IL 60143 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 630 760 4627 | FAX NUMBER 630 773 1006 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER 1408011 | | IDENTIFICATION NUMBER | |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☑ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |
| (C) | | (D) | |
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER | | IDENTIFICATION NUMBER | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☐ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

2004 DEC 20 PM 4:11 U.S. DISTRICT CLERK COURT FILED

1-2